THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD M. GORING, Appellant, v. THE PRESIDENT AND BOARD OF TRUSTEES OF THE VILLAGE OF WAPPINGER'S FALLS, Respondent.

*Mandamus — where a peremptory writ is granted no damages can be recovered as for a false return — when damages can be recovered — what is the "final order" — Code of Civil Procedure, §§ 2082, 2083, 2088.*

Where a person applies for a peremptory writ of mandamus to compel the president and board of trustees of a village to recognize him as the duly elected police justice of the village, and, there being no question of fact raised, the writ is granted in the first instance, he is not entitled to an assessment of damages against the village officers.

The recovery of damages in such a proceeding by mandamus is predicated upon a false return, and where a peremptory writ is granted in the first instance, because no question of fact is raised, there can be no false return, and no cause of action can accrue to the relator for damages arising from such a return.

Under the Code of Civil Procedure, where an issue of fact is raised by a return to an alternative writ of mandamus, it is triable by a jury, and the relator is entitled to a verdict, provided he would have been entitled to it if he had brought an action to recover damages for a false return; and, if he so elects, he may, at the same time, recover the damages which he might have recovered had he brought such an action.

The "final order," described in section 2082 of the Code of Civil Procedure, is the final judgment upon the trial of an issue of fact raised by a return to an alternative writ of mandamus, or of an issue of law raised by a demurrer to the writ, or to the return thereto, and such a "final order" is a prerequisite to an assessment of damages.

No "final order" can be made in a case where a peremptory writ was granted in the first instance.

APPEAL by the relator, Edward M. Goring, from an order of the Supreme Court, made at the Kings County Special Term and

318 PEOPLE ex rel. GORING v. WAPPINGER'S FALLS.

Second Department, December Term, 1895. [Vol. 91.

·entered in the office of the clerk of the county of Dutchess on the 4th day of September, 1895, denying his application for the assessment of damages against the respondent. ·

The relator having applied for a peremptory writ of mandamus to compel the respondent to recognize him as the duly elected police justice of the village of Wappinger's Falls, such writ was granted in the first instance, there being no question of fact raised. The order having been affirmed at General Term and also by the Court of Appeals (114 N. Y. 616), the relator applied to the-court for an assessment of damages against the respondent.

*Bernard J. Tinney*, for the appellant.

*Frederic Barnard*, for the respondent.

DYKMAN, J. :

This is an appeal from an order denying the application of the relator for an assessment of damages in the mandamus proceeding instituted by him against the defendant.

The appeal is destitute of merit and the order should be affirmed on the opinion delivered by the judge who made the order, with ten dollars costs and disbursements.

BROWN, P. J., and PRATT, J., concurred.

Order affirmed, with ten dollars costs and disbursements, on the opinion of the Special Term.

The opinion of the court below was as follows:

GAYNOR, J. :

The relator cannot recover damages herein. At common law when an issue of fact was raised by a return to an alternative writ of mandamus, such issue could not be tried in the mandamus proceeding. The return was conclusive until falsified, and the only way to falsify it was by judgment for plaintiff in· an action by the relator for damages for a false return. If the relator prevailed in that action, he not only got judgment for his damages, but was also entitled to have a peremptory writ of mandamus issue.

But this method being too dilatory, statutes were enacted that the issue of fact should be tried in the mandamus proceeding itself, and

PEOPLE ex rel. GORING *v.* WAPPINGER'S FALLS. 319

Hun.] Second Department, December Term, 1895.

that if the relator succeeded he might have assessed therein the same damages which he could recover in an action for a false return (Bacon's Abr., Mand. K.) And this is the method prevailing in this State. An issue of fact raised by a return to an alternative writ is triable by a jury and the relator is entitled to a verdict in case he would be entitled thereto if he had brought an action for damages for a false return (Code Civ. Proc. § 2083); and if he so elect he may at the same time recover the damages which he could recover in such an action. (Code Civ. Proc. § 2088.)

In this case there was no false return. On the contrary, a peremptory writ was granted in the first instance, there being no question of fact raised, and hence, the relator having no cause of action for damages for a false return, there could be no such damages to be assessed.

The application is denied, without costs.

Gaynor, J.:

The questions raised upon the reargument were considered in the first disposition of the case. In this case the peremptory writ was granted in the first instance. Therefore, there was and could be no "final order" herein. The final order is the "final judgment" upon the trial of an issue of fact raised by a return to an alternative writ, or of an issue of law raised by a demurrer to such writ, or to the return thereto. (Code Civ. Proc. § 2082.) "Where a return has been made to an alternative writ," the court, "upon making a final order," may award "the same damages, if any, which the relator might recover" in an action upon such return as false. (Code Civ. Proc. § 2088.) This same section continues, that if the trial be of an issue of fact (*i. e.*, the issue raised by a return to an alternative writ), the relator, if he "so elects," may have such damages assessed upon the trial thereof; and that "where he is entitled to a final order for any other cause" (which could only be upon the trial of an issue of law raised by demurrer to an alternative writ or to the return thereto, as we have seen), "he may require them" (*i. e.*, "the same damages" which he could recover in an action for a false return) "to be assessed as in an action." Now, in this case, *first*, no "final order" was or could be made, and, therefore, no such damages could be assessed; *second*, if the order allowing the per-

emptory writ in the first instance could be deemed the " final order," it is now too late to assess the damages in this proceeding, as they had to be assessed before the final order was made, the relator having to " elect " before it was made whether he would have them assessed in the mandamus proceeding, or have recourse to his action for a false return (Code Civ. Proc. § 2088) ; and, *third*, as no action for damages for a false return could be maintained by the relator, there could be no damages to assess herein, for the fact that the relator may have a right to recover damages in some other form of action does not give him the right to assess the same here.

The motion for a reargument is denied.